# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KAKOWSKI,

    Plaintiff,

v.

GREG SMITH et al.,

    Defendants.

3:14-cv-413-RCJ-WGC

**ORDER**

## I.  DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF No. 1, 1-1, 3, 5). The Court has not yet screened the complaint pursuant to 28 U.S.C. § 1915A.

On September 25, 2014, Plaintiff filed a notice with the Court. (ECF No. 8). In the notice, Plaintiff states that he is awaiting extradition to California and that it may occur at any time. (*Id.* at 3). Plaintiff wishes to put this case on hold due to his extradition or, in the alternative, to "pull the case and re-file" it once he is in California. (*Id.*). If the Court "pulls" his case, he seeks instruction on how to re-file using the same complaint and exhibits and asks whether the grievance process matters if he is extradited. (*Id.*). Plaintiff notes that the grievance process is not complete in this case. (*Id.*).

As an initial matter, "[t]he Court cannot give legal advice or counsel *pro se* litigants, save for recommending that they seek the advice of a trained attorney." *Randazza v. Cox*, 2:12-CV-2040-JAD-PAL, 2014 WL 1407378, *10 (D. Nev. Apr. 10, 2014). As such, the Court cannot advise Plaintiff as to whether the grievance process will matter if he is extradited.

With respect to staying the case, in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002), the Ninth Circuit held that a district court must dismiss an action involving prison conditions when the plaintiff does not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed. *Id*. at 1199. As such, the Court finds that, in accordance with Ninth Circuit law, the Court must dismiss the case, without prejudice, if Plaintiff has not exhausted his administrative remedies. Accordingly, the Court denies Plaintiff's request to "hold" the case. However, the Court grants Plaintiff thirty (30) days from the date of this order to inform this Court whether Plaintiff intends to: (a) proceed with this action–despite being in the midst of the grievance process–or (b) seek a voluntary dismissal of this case, without prejudice, to finish the grievance process and/or await extradition to California. If Plaintiff fails to notify the Court of his chosen option, this case will proceed and Defendants may raise exhaustion in a subsequent motion. If Plaintiff chooses to voluntarily dismiss this case, the Court will not impose a filing fee for this case. If Plaintiff chooses to voluntarily dismiss this case, the Court will send Plaintiff a copy of his original complaint, an application to proceed *in forma pauperis*, and instructions for the application to proceed *in forma pauperis*.

**II.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that within thirty (30) days from the date of this order, Plaintiff shall notify this Court about whether he intends to proceed with this case or seek a voluntary dismissal.

IT IS FURTHER ORDERED that if Plaintiff fails to timely inform the Court of his decision, this case will remain open and the Court will proceed with the screening process under 28 U.S.C. § 1915A.

Dated:  October 7, 2014.

_____
United States District Judge